UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DAVID W. JONES | ) | CASE NO.   19-80879 |
| LORI L. JONES | ) | |
| Debtor(s). | ) | |

AMENDED
<u>TRUSTEE'S OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN FILED 4/15/2019</u>

NOW COMES Lydia S. Meyer, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the Northern District of Illinois, Western Division, and as for her Objection to Confirmation states as follows:

1. The debtor(s) filed for Chapter 13 relief on  4/15/19  .
2. The 341 (a) Meeting of Creditors held on 5/20/2019 wasí
   - ☒ Concluded
   - ☐ Taken off calendar
   - ☐ Continued to _____.
3. ☐ The debtor(s) failed to appear [11 USC 341(a)] for 341 meeting on _____.
4. ☐ The debtor(s) failed to commence Chapter 13 Plan payments [11 USC 1326(a)(1)].
5. ☐ The debtor(s) is/are delinquent in the Chapter 13 Plan payments.
6. ☐ The post-petition payments to secured creditors are delinquent.
7. ☐ The debtor(s) is/are not eligible for Chapter 13 [11 USC 109(e)(g)].
8. ☐ The trustee objects to the exemption(s) claimed [B.R. 4003(b)]
9. ☐ The Debtors/Husband/Wife are not entitled to a discharge.
10. The plan filed  4/15/2019  by the debtor(s) fails to meet confirmation requirements and the Trustee objects to confirmation of the Chapter 13 plan for the following reasons:
    - ☐ The proposed Chapter 13 Plan is not feasible [11 USC 1325(a)(6)] as the debtor(s) lacks sufficient regular income [11 USC 109(e)] and/or debtor(s) cannot afford plan payments_____
    - ☐ The Chapter 13 Plan unfairly discriminates against class of general unsecured claims [11 USC 1322(b)(1)].
        - ☐ Plan pays creditor _____ as secured beyond value of collateral.
        - ☐ Plan proposes to pay _____ at 100% while other unsecured creditors receive less than 100%.
        - ☐ Plan proposes to pay _____ directly which results in that creditor being paid 100% while other unsecured creditors are being paid less than 100%.

LIQUIDATION ó
   - ☐ Proposed Chapter 13 plan fails to meet liquidation value [11 USC 1325 (a)(4)]
       - ☐ Non-exempt equity $_____    Plan only paying $_____
       - ☐ Must be 100%
       - ☐ Must be 100% with interest
       - ☐ Fair market value of real estate higher per tax assessment than listed on schedule A.
       - ☐ Other _____

DISPOSABLE INCOME -

Proposed Chapter 13 plan fails to provide that all of debtor(s)ø projected disposable income to be received during the applicable commitment period will be applied to make payments to unsecured creditors under the plan, [11 USC 1325 (b)(1)(B)] or no cause to extend.

- ☐ Income higher for debtor/wife/husband per _____
- ☐ Unreasonable expenses _____
  _____
- ☐ Proof of following expenses required _____
  _____
  _____
- ☐ 401k loan deduction   $_____ - Plan payment should increase when 401k loan is paid.
- ☐ Tax Refunds above $2,000 should be paid into plan in addition to plan payments.
- ☐ Other _____
  _____
- ☐ Below Median Debtor
  - ☐ Excess per I/J =   $_____
    Plan payments only   $_____
  - ☐ Other   _____
    _____
- ☐ Above Median Debtor
  - ☐ Plan proposed is not 60 months.
  - ☐ Plan payment is insufficient ó Debtorøs actual monthly income minus IRS allowances requires plan payment of $_____;
    Plan proposes payment of $_____
  - ☐ Following expenses are inconsistent between schedules I/J and form 122C2 _____
  - ☐ Following lines are incorrect on 122C1/122C2_____
    _____
  - ☐ Amended 122C1 Required.
  - ☐ Other: _____
    _____
    _____
- ☐ Cannot be determined if above or below median income or if disposable income requirement met in above median case
  - ☐ Need proof of income for prior 6 months
  - ☐ Number in household in question
  - ☐ Amended 122C1 required _____
    _____

PLAN PROBLEMS -

- ☐ Plan fails to provide for following secured creditors _____
  _____
- ☐ Plan fails to provide for full payment of all claims entitled to priority as required by Section 507(a)(1)(B).
- ☐ Plan fails to provide for fixed monthly installments for all secured creditors in paragraph E3 [11 USC 1325 (a)5].
- ☐ Following claims will not be paid off within plan term at fixed monthly payment amount. _____
  _____
- ☐ Plan payment is insufficient to cover all fixed payments to creditors and Trusteeøs fees.

- ☐ The Plan fails to include the following language - "The Plan will conclude before the end of the initial term only as such time as allowed claims are paid in full with interest required by the plan."
- ☐ The proposed Chapter 13 plan will not complete within 60 months [11 USC1315(a)4]
- ☐ The plan proposes to pay certain creditors as secured. The documents indicated below are needed for the following creditors:

  _____  ☐ Timely filed Proof of Claim
  (Creditor)  ☐ Security Documents

  _____  ☐ Timely filed Proof of Claim
  (Creditor)  ☐ Security Documents

  _____  ☐ Timely filed Proof of Claim
  (Creditor)  ☐ Security Documents

- ☐ The following creditors listed in 3.2 and/or 3.4 did not receive notice pursuant to Rule 7004: _____
- ☐ The plan was not noticed to all creditors.
- ☐ Section 7.1 of the Plan fails to state that the Property of the Estate will vest in the debtor(s) upon entry of discharge.
- ☐ The debtor(s) has/have failed to file Chapter 13 Plan in good faith. [11 USC 1325(a)(3)]
- ☒ Prior bankruptcy filings by debtor(s) 9 PRIOR FILINGS BETWEEN 1984 AND 2013; LAST DISCHARGE RECEIVED IN CHAPTER 7 2013; 3 CASES DISMISSED, 4 DISCHARGED; 2 UNKNOWN DISPOSITION.
- ☒ Other: PER A LETTER EXPLAINING THE $82,000 WITHDRAWN FROM THE DEBTORS' RETIREMENT, THE DEBTORS ALLEGE A NET DEPOSIT OF $58,994. THE BANK STATEMENT FOR THE RELEVANT TIME PERIOD, MARCH 2018, SHOWS THERE MAY HAVE BEEN A NET DEPOSIT OF $79,103. THIS WILL NEED TO BE CLARIFIED. PER DEBTORS EXPLANATION OF HOW THE FUNDS WERE SPENT, THE DEBTORS PAID OFF A FORD F150 WITH $12,000 AND TRADED IT ON A 2007 JEEP. THE TRUSTEE WILL NEED THE PAPERWORK TO VERIFY THIS TRANSACTION. ADDITIONALLY, THE 2007 JEEP WAS ONLY LISTED FOR $3000 IN SCHEDULE A/B. A NADA WILL NEED TO BE PROVIDED TO SUPPORT THE VALUE OF THE VEHICLE. ADDITIONALLY, THE DEBTORS PAID OFF A 2012 TERRAIN FOR $11,400 AND TRADED IT IN FOR A 2013 MALIBU. THE TRUSTEE WILL NEED THE PAPERWORK TO VERIFY THIS TRANSACTION. ADDITIONALLY, THE MALIBU WAS NOT LISTED IN THE SCHEDULE A/B, SO AN AMENDED SCHEDULE REFLECTING THE VALUE OF THE MALIBU AT THE TIME OF FILING WILL NEED TO BE FILED AND NADA SUBMITTED SUPPORTING THE VALUE. PRIOR TO THE TIME OF FILING, THE DEBTORS WERE RECEIVING SOCIAL SECURITY AND MRS. JONES WAS EMPLOYED. THEIR CURRENT SCHEDULES REFLECT THE ABILITY TO MEET THEIR MONTHLY EXPENES, YET AT THE TIME OF FILING, THE DEBTORS HAD $22 REMAINING IN THEIR BANK ACCOUNT. THEIR LETTER INDICATES THEY NEEDED THE REMAINING BALANCE OF $6744 OR $26,853 TO LIVE ON UNTIL THEY FILED IN APRIL 2019. BASED ON THE NUMER OF PRIOR FILINGS, THE INACCURACIES IN THE DEBTORS' SCHEDULES, AND THE DEBTORS'SPENDING HABIT PRIOR TO FILING, THE TRUSTEE IS ALLEGING BAD FAITH.
- ☐ Debtor(s) have failed to produce the following documents required by 11 USC 1308(a)2, 521(e)2(A) and 521(a)1(B)1v:
  - ☐ Proof that the debtor(s) filed the last 4 years of tax returns – 11 USC§1307(e) states that the Court shall dismiss or convert a case to Chapter 7 upon the debtor's failure to file no later than the day before the date of the original creditors meeting all tax returns for all taxable periods ending during the 4 year period ending on the date of the filing of the petition.
  - ☐ Copy of Federal income tax return for _____. Pursuant to 11 USC§521(e)2(B), if the debtor fails to provide the most recent tax return 7 days before original first meeting of creditors, the Court shall dismiss the case unless the debtor shows that the failure to comply is "due to circumstances beyond the control of the debtor."
  - ☐ Paycheck stubs – Pursuant to 11 USC 521, debtor's failure to file copies of all payment advices or other evidence of payment received within 60 days before the filing of the petition by the debtor from any Employer shall result in the automatic dismissal of the case on the 46th day after the date of the filing of the petition.
  - ☐ The debtor(s) has/have failed to cooperate with the trustee [11 USC 521(a)(3)] as the following document(s) was/were not provided:
    - ☐ Acceptable certificate that debtor has completed the requisite debtor briefing [11 USC 109(h)1]
    - ☐ Amended schedule E listing name and address of the holder of any domestic support obligation.

☐ Certification that the debtor has paid all amounts required to be paid under a domestic support obligation [11 USC 1325(a)8] or that the debtor(s) have no domestic support obligations
☐ Paycheck stubs
☐ Proof of Income from _____
☐ Profit and Loss statements
☐ Business Questionnaire and all attachments
☐ Proof of Social Security number
☐ Other _____

11. ☐ Attorney's Fees Issues – Listed here for informational purposes only – these issues will not bar confirmation:
   ☐ No fee application filed
   ☐ Fee Application not noticed
   ☐ Fee application and order are inconsistent
   ☐ Other _____

WHEREFORE, the Trustee objects to confirmation of the Chapter 13 Plan for the foregoing reasons and requests that this case be dismissed.

/s/Lydia S. Meyer
LYDIA S. MEYER

NOTICE OF FILING AND PROOF OF SERVICE

Please take notice that on ___7/24___, 2019 this Objection to Confirmation was filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Western Division: a copy of which is hereby served upon attorney of record and the debtor(s).

STATE OF ILLINOIS        )
                         )    SS
COUNTY OF WINNEBAGO      )

I, the undersigned being first duly sworn on oath, depose and state that I served a copy of this **OBJECTION TO CONFIRMATION** upon attorney of record for the debtor via electronic notification that occurs automatically upon the filing of said Objection to Confirmation. I further swear that I served a copy upon the Debtor(s) to their current address on file with the Trustee's office by mailing a true and correct copy in a properly addressed envelope, postage pre-paid at Rockford, IL at or about the hour of 5:00 p.m. on _____ 7/24, 2019.

/s/Cynthia K. Burnard

LYDIA S. MEYER, Trustee
308 West State Street, Suite 212
Post Office Box 14127
Rockford, IL 61105-4127
Telephone: 815/968-5354
Fax: 815/968-5368

3/1/18